**DENIED and Opinion Filed March 7, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-24-00206-CV**
**No. 05-24-00207-CV**

**IN RE JOSIAH ANDREW SALINAS, Relator**

**Original Proceedings from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2071443, F-2075253**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Breedlove
Opinion by Chief Justice Burns

Before the Court is relator's February 26, 2024 petition for writ of mandamus wherein relator asks this Court to compel the trial court to rule on a Pro Se Motion for Post-Conviction DNA Testing.

To obtain mandamus relief compelling the trial court to rule on a motion, a relator must show (1) the trial court had a legal duty to rule on the motion, (2) the relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Salinas*, Nos. 05-23-00544-CV, 05-23-00545-CV, 2023 WL 4101439, at *1 (Tex. App.—Dallas June 21, 2023, orig. proceeding) (mem. op.). It is relator's burden to provide a sufficient record to establish his right to mandamus

relief. *Id.* A relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *Id.*

Relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See id.*; *see also In re Cantu*, No. 05-23-01131-CV, 2023 WL 7871643, at *1 (Tex. App.—Dallas Nov. 16, 2023, orig. proceeding) (mem. op.). For example, relator failed to certify that he has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). Relator also failed to support his petition with a sufficient record or appendix. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a). Although relator filed some documents with his petition, none are sworn or certified copies, as required by the rules.

Further, relator failed to sufficiently brief his request that we compel a trial court to rule on a pending motion with appropriate citations to the appendix or record. *See* TEX. R. APP. P. 52.3(h). Relator's petition also does not contain a list identifying the parties and counsel, a statement of the case, a statement of the issues presented, or a statement of facts supported by citations to competent evidence included in an appendix or record. *See* TEX. R. APP. P. 52.1, 52.3(a)–(c), (d)(1)–(3), (f)–(g).

Accordingly, we deny relator's petition for writ of mandamus.

Also before the Court is relator's February 26, 2024 motion requesting leave to file his petition for writ of mandamus. This motion is not necessary to commence an original proceeding. *See* TEX. R. APP. P. 52.1. Thus, we deny the motion as moot.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

240206F.P05